THE STATE v. NOEL ET AL.

1. **Intoxicating Liquors**: NUISANCE: DISPOSITION OF FINES: RIGHTS OF COMMISSIONERS OF PHARMACY. Chapter 83, Laws of 1886, providing that "twenty-five per cent of all moneys recovered as fines *under the provisions of this act* (an act in relation to the practice of pharmacy and the powers of the commissioners) shall be paid into the state treasury, and reported to the state auditor, and held subject to the order of the commissioners of pharmacy as needed, to be by them used solely to defray the expenses of prosecutions under and the enforcement of this act, or acts to which this is amendatory," *held* not to apply to a fine imposed upon a pharmacist for keeping a nuisance by the unlawful sale of liquors in his drug store; because said act, and those to which it is amendatory, contain no provision declaring a place kept for the unlawful sale of intoxicating liquors a nuisance, and providing penalties therefor; but such fine can be imposed only under § 1523 of the Code, which has no relation to the above-named act.

*Appeal from Clarke District Court.*

WEDNESDAY, JANUARY 25.

DEFENDANT, O. A. Noel, was indicted and convicted for the crime of keeping a nuisance, committed by maintaining a drug store wherein he kept and sold intoxicating liquors in violation of the statute. He was fined in the sum of $300. The judgment orders that 25 per centum of the fine be paid to the state treasurer for the benefit of the board of pharmacy. From this order the state and defendant, Noel, both appeal.

*C. C. McIntire*, for the State, and *W. M. Wilson*, for defendant, appellants.

*R. S. Parrish* and *George F. Henry*, for commissioners of pharmacy, appellees.

BECK, J.—I. The indictment in this case was found under Code, § 1523, and other statutes, declaring the keeping of a place for the unlawful sale of intoxicating liquors a nuisance, and providing for punishment thereof. It is unnecessary

to refer more explicitly to these provisions, or to say more than that the statutes relating to the organization, duties and powers of the board of pharmacy contain no provision declaring a place kept for the unlawful sale of intoxicating liquors a nuisance, and providing penalties therefor. Chapter 72, Acts Eighteenth General Assembly, being "An act to regulate the practice of pharmacy, and the sale of medicines and poisons," creates the board of commissioners of pharmacy, and prescribes their powers and duties, and contains sundry regulations pertaining to the subject of the act, and, among them, certain restrictions as to the sale of intoxicating liquors. But this act, and the amendments thereto, provide no penalties for the keeping and selling of intoxicating liquors in violation of law, nor do they declare that places wherein such liquors are so kept or sold are nuisances. The indictment, therefore, was not found under these statutes, but, as we have said, under the provisions of the statutes relating to intoxicating liquors, and providing for the suppression of the sales thereof for use as a beverage.

Chapter 83, Acts Twenty-first General Assembly, contains certain amendments of chapter 75, Acts Eighteenth General Assembly, relating to the practice of pharmacy, and the powers and duties of the commissioners of pharmacy. It provides a substitute for section 8 of the last-named act, containing this provision: "Twenty-five per cent of all moneys recovered as fines under the provisions of this act shall be paid into the state treasury, and reported to the state auditor, and held subject to the order of the commissioners of pharmacy as needed, to be by them used solely to defray the expenses of prosecutions under and the enforcement of this act, or acts to which this is amendatory."

II. This provision directs that a part of the fines recovered under "this act" shall be set apart for the use of the commissioners of pharmacy as prescribed. The words "this act" refer either to the act containing them, or to the statute as amended by it. We need not determine to which, for cer-

tain it is that, in either or both, no provision is found pre-scribing penalties for nuisances committed by keeping intoxicating liquors for unlawful sale; and the indictment in this case, as we have said, was found under other statutes. The last statute enacted contains no provisions for penalties; certainly none independent of the act of which it is amendatory. The two statutes, regarded together, do contain provisions declaring acts unlawful, the violation of which is elsewhere declared to be misdemeanors, and punishable as such. (See Code, §§ 3966, 3967, and sections 1, 2, and other sections, of chapter 75, Acts Eighteenth General Assembly.) The provision in the last statute directing a part of the fines to be paid for the use of the commissioners of pharmacy is applicable to penalties prescribed by the acts to which it is amendatory. The position of counsel for appellees to the effect that, unless it be held applicable to fines imposed under other statutes relating to intoxicating liquors, it will be without force or effect, is not sound.

III. Counsel for appellants insist that the provision in question is in conflict with the constitution. This objection we are not required to consider, in view of the conclusion we have just announced. We will never inquire into the constitutionality of a statute unless it be necessary for the decision of a case wherein its validity is brought in question.

We are of the opinion that the order of the district court directing a part of the fine adjudged against defendant to be paid for the use of the commissioners of pharmacy ought to be                                   REVERSED.