## THE STATE v. COURTNEY.

1. **Statutes:** REPEAL BY IMPLICATION. Where there are two statutes on the same subject, and the latter one contains all the provisions of the former, and also new provisions, imposing different duties, rights and penalties, the latter operates as a repeal of the former, although it contains no repealing clause.

2. **Intoxicating Liquors:** LAW IN FORCE AS TO PHARMACISTS: BOND AND PERMIT. Chap. 83, Laws of 1886, is a complete scheme within itself, and contains all the law intended, after its enactment, to be in force in relation to the sale by pharmacists of intoxicating liquors, and by implication repeals all prior statutes in respect thereto; and *held* that, under said act, pharmacists are not required to give bonds in order to procure permits to sell liquors for the purpose named in said statute, and that such permits are not by law limited to one year from their date. [BECK, J., *dissenting.*]

*Appeal from Dallas District Court*—HON. O. B. AYRES, Judge.

TUESDAY, DECEMBER 20.

ACTION in equity to enjoin the defendant from keeping a place for the sale of intoxicating liquors contrary to law, on

the ground that a nuisance was thereby created. A temporary injunction was granted, and both parties appeal.

*D. W. Wooden, County-attorney, O. W. Jackson* and *H. H. Cardell,* for plaintiff.

*Shortley & Cardell,* for defendant.

SEEVERS, J.—I. The defendant pleaded that he is a pharmacist, and that he has been duly registered as such for several years, and that he has been conducting a pharmacy or drug store on the premises described in the petition, and that his certificate of registration is in full force; but he admits he filed no bond with the auditor of the county. He admits that he sold intoxicating liquors, and the same were at all times kept for sale by him, and states that any and all sales thereof were made for the actual necessities of medicine, and in good faith, under the authority of a permit granted to him by the board of supervisors of Dallas county on the 3d day of May, 1886. A copy of the permit is attached to and made a part of the petition. On its face, the permit shows that the defendant is a registered pharmacist, and that he was granted permission to sell intoxicating liquors for medical purposes only, as is provided in chapter 83, Laws 1886, without limit as to time. The plaintiff demurred to the answer, on the grounds—*First,* that no bond had been filed; and, *second,* that more than one year had expired since the permit was issued, and the board, under the statute, had no power to grant a permit for a longer period than one year. The court overruled the demurrer as to the first, and sustained it as to the second ground.

II. Section 1526 of the Code provides that any citizen of the state, except hotel-keepers, keepers of saloons, eating-houses, grocery-keepers and confectioners, can sell intoxicating liquors for medicinal, mechanical, culinary and sacramental purposes, provided a permit is obtained from the board of supervisors. Before the permit can be granted, the

applicant is required to produce a certificate, signed by a majority of the legal electors of the township, town or ward, that he is a citizen of the state, that he is of good moral character, and that they believe him to be a proper person to buy and sell intoxicating liquors. (Code, § 1527.) Section 1528 provides that the applicant shall file a bond with certain specified conditions. It is further provided that a day shall be set for the hearing of the application, and that notice thereof shall be given by publication in a newspaper; and cause can be shown against the granting of such permit, and the board can refuse to grant it if, from the wants of the locality, and the number of permits already granted, it would not be necessary and proper for the accommodation of the neighborhood to grant an additional permit. But, if granted, it cannot remain in effect for a longer period than one year. (Code, §§ 1529, 1530.) Such are the provisions of the law which were in force when chapter 75, Acts 18th General Assembly, regulating the sale of medicines and poisons, was enacted. This statute, it is sufficient to say, authorized registered pharmacists to sell intoxicating liquors for medical purposes only. Whether, under this statute, a pharmacist is required to obtain a permit, as under the Code, is at least doubtful. But the doubt was removed when chapter 143, Acts 20th General Assembly, was passed, as it is held in *State v. Bissell*, 67 Iowa, 610, that the provisions of said chapter 75 were repealed by implication by said chapter 143. The opinion in *State v. Bissell* was filed in December 1885, and the twenty-first general assembly convened in the following January, and during its session chapter 83 of the acts of 1886 was passed. No reference is made in this act to chapter 143, construed by this court in the *Bissell Case*, in which it was held that section 8 of chapter 75 was repealed by implication; and chapter 83 formally repeals section 8 of chapter 75, and enacts a substitute therefor, which provides that registered pharmacists have the "sole right to keep and sell, under such regulations as have been or may be

established    *    *    *    by the commissioners of pharmacy,    *    *    *    intoxicating liquors for the actual necessities of medicine only, but a permit must be obtained from the board of supervisors." "In order to secure such permit and shipping permit," the pharmacist must present a petition, signed by at least one-fourth of the free-holders of the township, town or ward wherein the business is located, certifying that the pharmacist applying for the permit is a person of good moral character, is not a minor, and for six months last preceding has been conducting a pharmacy as proprietor in such township, town or ward, and they believe him to be a proper person to buy and sell intoxicating liquors for the purposes of this act. The board being satisfied that "all the provisions of the law have been complied with," a permit shall be issued. The material question is, what is meant by "all the provisions of the law have been complied with?" Does this mean all the laws or statutes in the Code, or simply the provisions of law contained in chapter 83, and statutes amended thereby?

It is apparent that the provision that the board, before granting the permit, shall be satisfied that all the "provisions of the law have been complied with," does not refer to the Code, because it provides that the bond shall be filed before the hearing takes place before the board, and there is no reference made to a bond in chapter 83; and this is true as to the petition or certificate that must be procured by the applicant, for the reason that the Code requires such certificate to be signed by a majority of the electors of the township, town or ward, and another and different provision is contained in chapter 83, as it is therein provided that the petition shall be signed by one-fourth of the free-holders having the qualification of electors in the township, town or ward. Nor can such provision refer to the hearing before the board provided in the Code, for the reason that such provision is substantially re-enacted in chapter 83, except that the board is not authorized to take into consideration the

want of the locality, and the number of permits granted; therefore the board cannot refuse the permit for such reason. So that it seems to us such chapter contains all the provisions of law in relation to pharmacists, and what they must do in order to obtain a permit; and that said chapter is full and complete, and was intended, in the respect mentioned, to take the place of the provisions of the Code. While chapter 83 does not in terms repeal any provisions of the Code, and repeals by implication are not favored, yet, where there are two statutes on the same subject, and the last one contains all the provisions of the first, and also new provisions are imposed, and different duties, rights and penalties prescribed, the latter operates as a repeal of the first statute, although it contains no repealing clause; (*U. S. v. Tynen*, 11 Wall., 88;) and if two statutes are not in terms repugnant or inconsistent, if the latter statute is intended to prescribe the only rule which should govern the case, it will be construed as repealing the earlier act, (*State v. Mayor of Jersey City*, 40 N. J., Law, 257.) Now, it must be remembered that there is no provision of the Code which refers to pharmacists. The first act on this subject is chapter 75, Laws 1880, and whether, under its provisions and the Code combined, a pharmacist was compelled to obtain a permit in order to sell intoxicating liquors for medical purposes only, is, as we have said, doubtful. If, however, it was not, such provision was repealed by a subsequent act, as we have stated. The effect of the decision in the *Bissell Case* was that pharmacists under the laws then in force were compelled to obtain permits in the same manner, and were subject to the same penalties, as any other person who was authorized to obtain a permit.

It must be presumed that the enactment of chapter 83, Twenty-first General Assembly, which makes independent, distinct and different provisions in relation to pharmacists, was intended as a complete scheme of itself. It was intended to, and does, make clear and well-defined distinctions, and

properly so, between pharmacists who can sell intoxicating liquors for medicine only, and other persons who may procure permits for other purposes. Of course, if the pharmacist sells such liquors for other purposes, the permit affords him no protection against the penalties provided in the Code and subsequent statutes. If it had been intended that pharmacists should give a bond, it would have been so provided; and such is true as to the time the permit should continue, if it was intended to limit it. The district court thought the statute made a distinction between the bond and the length of time the permit should continue, but we are unable to concur in this view. The latter statute, it seems to us, places both on the same plane, because, as to both, chapter 83 must be regarded as a complete scheme in and of itself.

Therefore, on the plaintiff's appeal, the judgment of the district court is affirmed, and, on the defendant's appeal,

REVERSED.

BECK, J., (*dissenting.*) In my opinion, the law of the Code, chapter 6, title 11, and chapter 83, Acts Twenty-first General Assembly, so far as they relate to permissions to be allowed by the boards of supervisors for the sale of intoxicating liquors, are *in parti materia*, and are to be interpreted and construed together. Code, § 1523, a part of the statute first referred to, forbids the sale of these liquors except under permission to be given by the boards of supervisors as therein prescribed. By this statute, the power to issue the permissions is conferred upon the board; and the proceedings to obtain them, and the time for which they may be held, are prescribed. A bond is to be given by the applicant for a permission which expires in one year. All persons entitled to secure permission stand on the same footing, and are subject to the same conditions and restrictions. Chapter 83, Acts Twenty-first General Assembly, bestows upon pharmacists the exclusive right to sell intoxicating

liquors for the purpose of medicine, and requires some different proceedings, or proceedings differing in detail, for procuring permits. But nothing in the statute, in express words, authorizes permits to issue without bonds, or to be of force for more than one year. It operates, in my opinion, as a modification of the prior statute, only in particulars expressly prescribed. It in no sense repeals any of the provisions of such statute, all of which remain in full force. No such repeal can be implied. The statutes being *in pari materia*, we are required to construe them together, and support all provisions in the first which are not expressly or by implication repealed, or which are not inconsistent or in conflict with the later statute. Now, there is no difficulty in giving full force to the last statute, and supporting the provisions of the other, requiring bonds to be given, and the permit to expire in one year. I can conceive of no reason why dealers in liquors for lawful purposes should hold permits on different conditions. I do not understand why one should hold a permit without a bond for an indefinite term, and the other should give bond, and hold the permit for no longer time than one year. I do not believe the legislature intended any such thing. All difficulty in the case vanishes when we remember that these statutes are *in pari materia*, and apply the familiar rules of the law for the construction of statutes in such cases.