## THE STATE v. MULLENHOFF.

1. **Intoxicating Liquors :** PERMIT TO SELL TERMINATED BY REPEAL OF LAW. The right of a pharmacist to sell intoxicating liquors under a permit is not an accrued right, within the meaning of Code, section forty-five, paragraph one, and such right, granted under the statutes in force prior to the enactment of chapter eighty-three, Laws of 1886, ceased upon the taking effect of that chapter, which repealed prior enactments relating to permits to pharmacists. (See *State v. Courtney*, 73 Iowa, 619.)

2. —— : UNLAWFUL SALE UNDER MISTAKEN BELIEF. The fact that defendant made the unlawful sales of liquors under the honest but mistaken belief that a permit formerly granted him was still in force, will not protect him from criminal liability. (*State v. Hayes*, 67 Iowa, 27, *distinguished*.)

3. —— : SALE BY NON-REGISTERED PHARMACIST UNDER PERMIT TO FIRM. A non-registered pharmacist, who was the partner of a registered one, had no right, under chapter seventy-five, Laws of 1880, to sell intoxicating liquors under a permit held by the firm, except as an aid to, and under the supervision of, a registered pharmacist.

4. —— : CRIMINAL LIABILITY OF PHARMACIST. The fact that one is a pharmacist and holds a permit to sell intoxicating liquors will not protect him from prosecution for nuisance, if he makes unlawful sales in his pharmacy.

5.   **Criminal Law** : EVIDENCE BEFORE GRAND JURY NOT MINUTED : DOCUMENTS.   It is not necessary that documentary evidence used before the grand jury be set out or noted in the minutes of the evidence.   And where a witness before the grand jury, as shown by the minutes, testifies only that he is the officer having legal cus_ tody of such documents, he may, upon the trial, after testifying that he is such officer, produce and identify such documents ; such identification not being independent evidence, but connected with the documents themselves.

*Appeal from Montgomery District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MARCH 12, 1888.

THE defendant was indicted and convicted of maintaining a nuisance by keeping a place for the sale of intoxicating liquors in violation of law, and he appeals to this court.

*Smith McPherson*, for appellant.

*A. J. Baker*, Attorney General, for the State.

BECK, J.—I.   The defendant was a member of a firm doing business as druggists, composed of C. W.
Hine, a registered pharmacist, and himself.
He was not a registered pharmacist. The firm

1. INTOXICATING liquors: permit to sell terminated by repeal of law.

held a permit to sell intoxicating liquors under the law in force prior to the taking effect of chapter eighty-three, Acts Twenty-first General Assembly.   When that statute took effect, and the sales for which defendant is indicted were made, the time had not expired for which the permit was limited according to its terms.   Subsequent to making these sales, Hine, defendant's partner, received a permit under chapter eighty-three, Acts Twenty-first General Assembly.   Counsel insists that defendant's right to sell under the first permit was not affected by the repeal of the statute under which it was issued.   To support this position he relies upon Code, section forty-five, paragraph one, which declares that " the repeal of a statute does not * * * affect any right which has accrued * * *

under, or by virtue of, the statute repealed.'' The right contemplated by the section pertains to any property right, or person, of the citizen. The permit in question bestowed upon defendant no such right, but was rather authority conferred by the statute in the exercise of the police power of the state, which regulated the sale of intoxicating liquors. The state, by the permit, did not abandon its authority to forbid at any time the sales permitted, or change the condition upon which they may be made. If the law were otherwise, permits issued under chapter eighty-three, Acts Twenty-first General Assembly, which are indifferent as to time, would confer upon those holding them perpetual authority to sell intoxicating liquors. The district court rightly held, in the instructions, that defendant's right to sell liquor for medicinal purposes depended upon compliance with chapter eighty-three, Acts Twenty-first General Assembly.

II. The defendant asked an instruction to the jury to the effect that he could not be convicted, if in good faith he believed he had the right to sell for medicinal purposes. The honest but mistaken belief that an act is lawful will not protect one indicted therefor from punishment, if it be criminal under the statute. An instruction to this effect, asked by defendant, was rightly refused. *State v. Hayes*, 67 Iowa, 27, does not sustain the position of defendant.

2. ——: unlawful sale under mistaken belief.

III. Chapter eighty-three, Acts Twenty-first General Assembly, repeals prior enactments relating to permits to pharmacists. *State v. Courtney*, 73 Iowa, 619. The later statute must, therefore, control, and a permit issued under a prior repealed statute did not protect defendant.

IV. The court instructed the jury that defendant, who was not a registered pharmacist, had no right to sell, independently, intoxicating liquors for medicinal purposes, after the permit was issued, but was authorized to assist a registered pharmacist in selling under his

3. ——: sale by non-registered pharmacist under permit to firm.

"immediate personal direction and supervision." This instruction is complained of by counsel. Chapter seventy-five, Acts Eighteenth General Assembly, forbid any one not a registered pharmacist to dispense medicine, except as an aid to, and under the supervision of, a registered pharmacist. The language of the instruction substantially accords with this restriction. The non-registered clerk may, under the law, aid the pharmacist under his supervision. This implies that the clerk shall assist the pharmacist, who shall supervise the clerk's work. It seems to us that the pharmacist must have "immediate personal direction and supervision" of the work. The instruction, we think, is correct.

V. We understand that counsel for defendant insists that defendant can only be punished under the pharmacy statute for misdemeanor, and cannot be indicted for nuisance, under the statute forbidding the sale of intoxicating liquors. But defendant's character as a pharmacist, and the permit given to him or his partner, would not protect him for unlawful sales. He is to be punished therefor as any other violator of the statute forbidding the sales of intoxicating liquors. *State v. Noel*, 73 Iowa, 682; *State v. Courtney*, 73 Iowa, 619.

4. ——: criminal liability of pharmacist.

VI. A witness testified before the grand jury, as shown by the minutes of the evidence, that he was auditor of the county. The minutes showed no other evidence given by him. He testified at the trial that he was the auditor, and produced the reports of sales made by defendant's firm. He stated that he understood that defendant was a member of the firm of Hine & Co. Defendant objected to this witness giving his testimony, on the ground that the minutes of the evidence before the grand jury failed to set it out. The identification of the reports by the witness was not independent evidence, but connected with the reports themselves. It is not shown that these reports were not noted upon the minutes of the evidence before the grand jury. We

5. CRIMINAL law: evidence before grand jury not minuted: documents.

cannot presume that they were not. Indeed, being documentary evidence, it was not necessary to set them out, or note them, in the minutes of the evidence. His statement that he understood that defendant belonged to the firm making the reports was not a disputed fact; defendant testified directly to it. No possible prejudice could have resulted to defendant from the evidence.

These views dispose of all the questions of the case. The judgment of the district court is

AFFIRMED.