BARDEN, COUNTY TREASURER, RESPONDENT, v. WELLS, APPELLANT.

[Submitted June 4, 1894. Decided June 11, 1894.]

STATUTORY CONSTRUCTION—*Tax lien on personal property—Repeal by implication.*—The general and comprehensive revenue act of 1891 which gives an express lien for taxes upon real estate, without mentioning personal property, and which repeals all acts or parts of acts inconsistent with its provisions, though apparently intended to cover the subject of levy and collection of taxes, cannot for that reason be interpreted to repeal by implication the lien for taxes upon personal property given by section 2 of the revenue act of 1887.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to enforce tax lien upon personal property. Tried before HUNT, J., upon an agreed case. Plaintiff had judgment below. Affirmed.

*Toole & Wallace,* for Appellant.

Taxes become a lien on property only by force of positive and direct legislation. (*State* v. *O'Neill,* 55 N. J. L. 58. And by way of illustration of workings of above principle, see American Digest 1892, p. 4906, Nos. 424, 425.) It is not contended by respondent that sections 82 and 83, pages 104 and 105 of the Laws of 1891 create a lien on any thing but real estate; but it is claimed that section 2 of the act of September 1887, page 83—which we concede did, while in force, clearly create a lien on personalty—is yet in force and operated to create a lien on personalty for taxes assessed in the year 1893. We submit: 1. That, as section 2 of the act of 1887—even were it now in force—by its express language only creates a lien on personalty assessed under the provisions of that act (i. e., act of 1887), the assessment for the year 1893 must have been made—to have been legally made—under the act of 1891, and the language of section 2 of the act of 1887 is not broad enough to cover the 1893 assessment; 2. That the general revenue act of 1891 providing as it did a comprehensive and complete scheme for the collection of all kinds of taxes, under and in accordance with the then new state constitution, clearly was and must have been intended by the legislature to entirely replace and supplant all other acts for the collection of revenue, including the act of 1887. (*People* v. *Burt,* 43 Cal. 561, 563; *State* v. *Conkling,* 19 Cal. 501, 512, 513; *City of Sacramento* v. *Bird,* 15 Cal. 294; *Fraser* v. *Alexander,* 75 Cal. 152; *Roche* v. *Mayor of New Jersey,* 40 N. J. L. 257, 262; *United States* v. *Claflin,* 97 U. S. 551, 552; Sedgwick on Statutory and Constitutional Law, 124; Endlich on Interpretation of Statutes, §§ 200, 201, 245.) Since the submission of this matter to the district court, a case squarely in point has been decided by the supreme court of the state of Washington. (*Baer* v. *Choir,* 7 Wash. 631.)

*County Attorney C. B. Nolan,* for Respondent.

Per CURIAM.—The sole question involved in this case, as developed by an agreed statement of facts, is whether a lien

for taxes attaches to personal property under the laws of this state relating to the levy and collection of taxes.

Counsel agree that, by the provisions of section 2 of the revenue act of 1887, such lien undoubtedly attached to personal property for the tax levied thereon, and is extinguished only by payment. But in 1891 there was enacted by the legislative assembly another general and comprehensive act upon the same subject, apparently intended to, and which does to a great extent, cover the subject of levy and collection of taxes, but contains no provision like that of section 2 of the act of 1887, declaring that the tax levied on personal property should constitute a lien thereon; and thereby counsel for appellant contends that, by implication, there is manifest the legislative intention that the pre-existing statute to that effect, although not expressly repealed, became nugatory, and that no such lien can now be enforced against personal property to secure payment of the tax levied thereon. Appellant's counsel urge this proposition by pointing to the fact, apparent from an inspection of the act of 1891, that the subject of the levy and collection of taxes appears to have been generally provided for therein, even to providing that the tax levied upon real property and improvements thereon, whether the improvements were assessed to the owner of the soil or to another, should constitute a lien on such property, and further providing the method of enforcement thereof; but that act entirely omitted provision creating a lien on property strictly personal, to secure the payment of the tax levied thereon. Thereby, appellant contends, is manifest, without doubt, an intention that personal property should not be encumbered by such lien. He brings to the support of this line of reasoning citation of a number of well-considered cases: *State* v. *O'Neill*, 25 N. J. L. 58; *People* v. *Burt*, 43 Cal. 561, 563; *State* v. *Conkling*, 19 Cal. 501, 512, 513; *City of Sacramento* v. *Bird*, 15 Cal. 294; *Fraser* v. *Alexander*, 75 Cal. 152; *Roche* v. *Mayor*, 40 N. J. L. 257, 262; *United States* v. *Claflin*, 97 U. S. 551, 552; Sedgwick on Statutory and Constitutional Law, 124; Endlich on Interpretation of Statutes, §§ 200, 201, 245; *Baer* v. *Choir*, 7 Wash. 631.

Counsel for the state, on the other hand, insist that the rule

of interpretation contended for by appellant, although well founded in reason and authority as proper *indicia* of legislative intent where applicable, is not applicable in the present instance, because the legislative intention as to what pre-existing statutes should be superseded or repealed by the act of 1891 is distinctly expressed therein, and need not be sought by implication. Section 205 of the act of 1891, containing the repealing clause, is pointed to as expressing the exact intention of the legislature on that point. This section provides that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed." This provision, counsel for appellant contends, expressly indicates the intention on the part of the legislature that its act of 1891 should only supersede prior statutes on the subject of the levy and collection of public revenue in so far as the provisions of the prior statute were found to be "inconsistent with the provisions of this act" of 1891; that where the intention of the legislature is clearly manifested by that character of provision, there is no room for the application of the doctrine of repeal by implication of all former laws on the subject, as contended for by appellant's counsel. But in such a case another rule of interpretation intervenes, and considers repealed or superseded just what the legislature expressly declares should be, and no more, i. e., such prior statutes as were found inconsistent with the latter enactment, which is clearly and conveniently ascertainable by comparison. This position is supported also by citation of authorities: *United States* v. *Gear*, 3 How. 120; *Lewis* v. *Stout*, 22 Wis. 234; *Carruthers* v. *Commissioners*, 6 Mont. 482; Endlich on Interpretation of Statutes, § 210; 23 Am. & Eng. Ency. of Law, 487; *State* v. *Pollard*, 6 R. I. 290; *Patterson* v. *Tatum*, 3 Saw. 164; Fed. Cas. No. 10,830; Cooley on Taxation, 199.

The trial court adopted the view contended for by respondent's counsel, and held that the lien for the taxes in question, levied on personalty, attached thereto by virtue of section 2 of the revenue act of 1887, because there was no provision in the act of 1891 inconsistent therewith. Our consideration of the point in controversy, aided by light derived from the able argument of counsel, together with the provisions of the statute and the authorities cited, lead us to the conclusion that the trial

court ruled correctly, and ought to be affirmed. To apply the doctrine contended for by appellant would be simply saying to the legislative assembly: "Although you expressly declared that you intended by the act of 1891 to supersede and repeal former statutes only in so far as the same are found inconsistent with the act of 1891, on the subject of the levy and collection of revenue, still therein you did not declare your real intention, but in fact you intended to repeal or supersede all former provisions on that subject, whether inconsistent with the act of 1891 or not." This would seem to be a strained and unnatural interpretation of the legislative expression under consideration.

It is not at all incompatible with reason and experience to conclude that although attempting in the act of 1891, and largely succeeding, in making a complete revenue act, yet, in contemplation of the difficulty of the task, the manifold details to be provided for, and being aware that the most painstaking endeavor might omit some important ones, the legislature may, as a prudential safeguard, have concluded that, in first launching the act, it would be wise to repeal only such provisions of the former statute on that subject as were covered by provisions of the latter, leaving in force the other provisions to supply unforeseen defects in the latter law. If such were the contemplation and intention of the legislature, and we think it was, it would have been aptly and sufficiently expressed and carried into effect by the provision of section 205, quoted above.

Judgment of the trial court affirmed.      *Affirmed.*
All concur.