J. B. LAMBE, Treasurer of Palo Alto County, AND PALO ALTO COUNTY, Appellants, v. CHARLES McCORMICK. SAME v. GEORGE H. GAMMON. SAME v. E. L. McCORMICK. SAME v. E. R. MURDOCK. SAME v. T. H. TOBIN.

Statutes: IMPLIED REPEAL: *Taxation.* Code, section 1374, provides that when taxable property is not listed the county treasurer shall within five years demand of the proper person the amount of the tax, and that, on failure to pay, the treasurer shall sue therefor. Section 1398 provides for the assessment of omitted real property by the county treasurer, and section 1385 provides for the correction of erroneous assessment by the county auditor. Acts Twenty-Eighth General Assembly, chapter 50, provides that before the listing of omitted property the county treasurer shall give the person proposed to be assessed notice by registered letter, fixing a time and place where objections may be made, and gives an appeal to the district court; and chapter 47 amplifies Code, section 1385. *Held,* that, the provisions of Acts Twenty-eighth General Assembly, chapter 50, not being inconsistent with section 1374, and not in themselves completely providing for the assessment of omitted property, and section 1374 having been a later enactment than sections 1385 and 1398, a contention that it was the intention of he legislature, in adopting Acts Twenty-eighth General Assembly, chapter 50, to supersede section 1374 by creating a new remedy, was without merit.

ASSESSMENT AS BAR TO RE-ASSESSMENT. Allegations of the pleading
to the effect that the defendants had failed to report credits to
the assessor and to assist in the listing thereof and during sev-
eral years had failed to list their credits, or to report them for
taxation, were sufficient as against a demurrer, inasmuch as, if
true, prior assessments against the defendants were not binding
on the county so as to preclude reassessment for omitted
moneys, etc.

PLEADING ON APPEAL TO DISTRICT COURT—DEMURRER AND MOTION.
Where, under Acts Twenty-eighth General Assembly, chapter
50, giving an appeal to the district court from the final action
of the county treasurer in listing omitted property for taxa-
tion the pleading filed by the treasurer alleges that acting un-
der the provisions of the statute, he assessed appellants, re-
spectively, in a certain sum on account of omitted property, if
the allegation were objectionable as a conclusion, the pleading
would not be open to attack by demurrer, the proper remedy
being a motion for a more specific statement.

*Appeal from Palo Alto District Court.*—HON. A. D. BAILIE,
Judge.

FRIDAY, FEBRUARY 14, 1902.

IN each of these cases the defendant appealed to the
district court from the action of the treasurer of Palo Alto
county in assessing him for omitted property under chapter
50 of the Acts of the Twenty-eighth General Assembly.
In each case a demurrer to a pleading seting out the liabil-
ity of defendant for the taxes thus assessed was sustained,
and the plaintiffs appeal. The records in the several cases
are identical, save as to the amounts of taxes assessed. The
arguments on behalf of appellants are identical in the five
cases, as are also the arguments for the respective defend-
ants, although signed by different attorneys. The cases
may therefore be determined together.—*Reversed.*

*E. A. Morling* and *F. C. Davidson* for appellants.

*Carr & Parker, B. E. Kelly, C. E. Cohoon,* and *Thomas
O'Connor* for appellees.

McCLAIN, J.—Considerable portions of the arguments on each side relate to the constitutionality of Code, section 1374, authorizing county treasurers, within five years of the date on which assessments should have been made, to bring action for taxes on property subject to taxation which has been withheld, overlooked, or from any other cause not listed and assessed; and to the question whether that section should be applied to cases where property was so withheld or overlooked and not assessed prior to the taking effect of the present Code (1897), in which the provisions of this section were first enacted. These questions have been fully considered in the case of *Gulusha v. Wendt,* 114 Iowa, 597, decided by this court at the same term at which the cases now before us were submitted. It is unnecessary to review these questions. The conclusions of the court in that case were adverse to the position taken by appellees.

These cases involve, however, other questions than those discussed in *Gulusha v. Wendt, supra.* In that case the action was brought prior to the taking effect of chapter 50, Acts Twenty-eighth General Assembly, while in these cases the proceedings are based upon the first section of that statute, which reads as follows: "The board of supervisors of any county may contract in writing with any person to assist the proper officers in the discovery of property not listed and assessed as required by law. Before listing the property discovered, the treasurer shall give the person in whose name it is proposed to assess the same, or his agent, ten days' notice thereof by registered letter addressed to him at his usual place of residence, fixing the time and place where objection to such proposed listing and assessment may be made. An appeal may be taken to the district court from final action of the treasurer by serving written notice upon him and otherwise proceeding as provided in section 1373 of the Code."

The other sections of the statute relate to contracts with persons to assist the proper officers in the discovery of property

not listed and assessed as provided by law, and they are of no
significance here. The principal contention of appellees
is that the assessments by the treasurer sought to be estab-
lished in these cases were made under the provisions of
Code, section 1374, and that, as this section is unconstitu-
tional (as claimed), and at any rate, not applicable in case
of properly previously omitted, the whole proceeding must.
fail. But, as we have held that the section is constitu-
tional and applicable to property omitted from assesment
before its enactment, this position is, of course, not tenable.
But appellees further argue that section 1374 was repealed
by implication by the enactment of Twenty-eighth General
Assembly, chapter 50, and this is the principal question
which we now have to decide. There is no express repeal,
and, if any repeal has resulted from the enactment of the
later statute, it must be either because its provisions are in-
consistent with those of the Code section, or because the
intention of the legislature in the enactment of the later
statute was to revise the entire subject matter, and super-
sede the section in question. It is not necessary to cite a
multitude of authorities to the effect that repeals by impli-
cation are not favored, and that, if the section of the Code
and the later statute can be construed together, they will
be so construed, and each will be given its proper effect.
The rules of interpretation adopted in such cases are suffi-
ciently stated and illustrated in *U. S. v. Freeman,* 3 How.
556, 564 (11 L. Ed. 724); *State v. Gerhardt,* 145 Ind.
439 (44 N. E. Rep. 469, 33 L. R. A. 313 ); *Mersereau
v. Mersereau Co.,* 51 N. J. Eq. 382 (26 Atl. Rep. 682);
*Barden v. Wells,* 14 Mont. 462 (36 Pac. Rep. 1076); *City
of Council Bluffs v. Waterman,* 86 Iowa, 688; *Sherman v.
City of Des Moines,* 100 Iowa, 88; *City of Dubuque v. Har-
rison,* 34 Iowa, 163. It is hardly necessary to say that there is
nothing in the language of the later act at all inconsistent
with the section of the Code. If the legislature had in
mind at the time of passing the later act that the section

of the Code was a valid and subsisting provision, then it is plain that the intention was to amplify that section, and give to the taxpayer notice beforehand of the action of the treasurer in making an assessment of omitted property, and the right to have such assessment reviewed by appeal, in the same way that the action of the board of equalization in fixing the proper amount of an original assessment may be reviewed, thus removing possible objections to or injustice in the procedure authorized by the Code section. The more cogent argument of appellees is, however, that the legislature intended to ignore Code, section 1374, entirely, and supersede it by other provisions for reaching omitted property. In the first place, however, we cannot accede to the suggestion that the legislature assumed Code, section 1374, to be wholly unconstitutional and invalid. Having already determined in the previous case that this section is valid, we are not justified in assuming that the legislature made an assumption with reference to that section which we have held to be unfounded. The argument, stated as favorably as possible to the appellees, is this:     That, inasmuch as Code, section 1385, provides for the correction of errors by the county auditor with reference to the assessment of any property, and Code, section 1398, provides for the assessment of omitted real property by the county treasurer, the Twenty-eighth General Assembly, by enacting chapter 47, which amplifies Code, section 1385, and chapter 50, which may be construed as relating to Code, section 1398, intended to complete and perfect a system for reaching omitted property, such as would render Code, section 1374, unnecessary, and was therefore intended to supersede it. But section 1374 contains a provision for bringing action to recover taxes on omitted property which would not be available under the other sections as thus amplified (*Plymouth County v. Moore,* 114 Iowa, 700,) and there is no evidence of any intention to abandon that remedy. See *U. S. v. Sixty-seven Packages Dry Goods,* 17 How. 93 (15 L. Ed. 54). The situation is

not the same as it would have been if Code, section 1374, had stood alone, and the legislature had then subsequently enacted Code, sections 1385, 1398, with these additional provisions incorporated therein. The three sections of the Code must be regarded as contemporaneous. As a matter of fact, sections 1385 an 1398 had been in effect in substantially the same form prior to the adoption of the present Code, while section 1374 is a new provision, first incorporated therein. If the history of this legislation is to be borne in mind, then section 1374 was the more recent of these provisions. If the legislature intended to repeal section 1374, therefore, and substitute another remedy, it would unquestionably have expressly indicated that intention. Moreover, Twenty-eighth General Assembly, chapter 50, is not in itself a complete provision for the assessment by the treasurer of omitted property. By itself it means nothing. It can only be given a meaning by reference to existing statutory provisions, and there is certainly no inherent evidence that it was intended to be supplemental to Code, section 1398, rather than to Code, section 1374. It is, so far as we now see, equally applicable to either, and we would not be justified in holding that it does not recognize the continuing force of section 1374. If two statutes are not in terms repugnant or inconsistent, it is only where the later one indicates an intention that it shall be a complete substitute for the earlier one that a repeal will be implied. *State v. Courtney,* 73 Iowa, 619; *Mack v. Jastro,* 126 Cal. 130 (58 Pac. Rep. 372); *Mersereau v. Mersereau Co.,* 51 N. J. Eq. 382 (26 Atl. Rep. 682). We hold, therefore, that section 1374 is still in force, and that Twenty-eighth General Assembly, chapter 50, has reference thereto.

Counsel for appellees, in attempting to sustain the ruling of the lower court, argue that the allegation in the pleading by plaintiffs, which was held insufficient on demurrer, does not sufficiently charge the making of an assessment by the treasurer, and that the demurrer was properly sustained on that ground; but the pleading

does allege in a general way that the treasurer, acting under the provisions of Twenty-eighth General Assembly, chapter 50, assessed the defendants, respectively, in a certain sum specified on account of omitted property.    Even if this is objectionable as a conclusion, the pleading would not be open to attack by demurrer.    The remedy available would be by motion for more specific statement.    *Noyes v. Mason City,* 53 Iowa, 418; *Robinson & Co. v. Berkey,* 100 Iowa, 136; *Webb v. Bidwell,* 15 Minn. 479 (Gil. 394); *Ottawa Gaslight & Coke Co. v. People,* 138 Ill. 336 (27 N. E. Rep. 924). The pleading in behalf of plaintiffs alleges that the defendants, respectively, were, during certain years, the owners of moneys and credits of a certain value stated, and that it was their duty, during each of said years, to report said credits to the assessor for taxation, and to assist in the listing thereof, and that during each and all of said years they failed and refused to list their said credits for taxation, and failed and refused to make full and fair disclosures thereof to the assessor, or to report the same for taxation, and the same were not taxed to the defendants who reported as to their credits, and were taxed and assesed for credits during said years in certain amounts specified, which were much smaller amounts than those which they should have returned.    These allegations are sufficient to obviate the effect of the prior assessments, and, if true, the prior assessments were not binding upon the county so as to preclude re-assessments for omitted moneys and credits.    *Reynolds v. Bowen,* 138 Ind. 434 (36 N. E. Rep. 756, 37 N. E. Rep. 962); *Saint v. Welsh,* 141 Ind. 382 (40 N. E. Rep. 903); *Gallup v. Schmidt,* 154 Ind. 196 (56 N. E. Rep. 443); Id. (Ind. Sup.) 54 N. E. Rep. 384; *Sturges v. Carter,* 114 U. S. 511 (5 Sup. Ct. Rep. 7014, 29 L. Ed. 240).

It appears, therefore, that the lower court erred in sustaining the demurrer to the pleading of plaintiffs which alleged failure of defendants to return and have listed for assessment the entire amount of moneys and credits subject to taxation, and the ruling and judgment appealed from are REVERSED.