## THE STATE v. WEIR.

1. **Constitutional law:** LEGISLATIVE POWER. The legislature have no power to make the operation or repeal of a law dependent upon a vote of the people.

2. It is accordingly held that chapter 82, laws of thirteenth general assembly, entitled " An act to provide for the prohibition of the sale of ale, wine and beer in counties, by a vote of the people," is unconstitutional.

*Appeal from Cerro Gordo District Court.*

TUESDAY, DECEMBER 21.

AN information before a justice of the peace was filed against the defendant, accusing him of keeping for sale, in violation of law, a keg of beer.

The defendant filed a motion to dismiss the cause, upon the grounds that chapter 82, acts thirteenth general assembly, is unconstitutional and void, and that said act was never adopted by the legal voters of Cerro Gordo county. The motion was overruled. The cause was heard, and the defendant was fined $25.00 and costs. Upon appeal to the district court, the judgment of the justice was affirmed. Defendant appeals.

*Hartshorn & Flint* and *Charles Mackenzie* for the appellant.

*H. O'Connor*, attorney-general, for the State.

DAY, Ch. J.—It has been held by this court that the general assembly cannot legally submit to the people the proposition whether an act should become a law or not, and that the people have no power, in their primary or individual capacity, to make laws. They must do this by representatives. *Santo et al.* v. *The State of Iowa*, 2 Iowa, 203; *Geebrick* v. *The State of Iowa*, 5 id. 492. In the former case it was held that section eighteen of the act for the suppression of intemperance, approved January 22, 1855, did not, in its largest and broadest sense, submit to the people of the State the question whether such act should become a law; and that the act without the ratification of the people would have taken effect as a law. In the latter case it was held that the act to license and regulate the sale of malt, spirituous and vinous liquors, chapter 222, Laws of 1857, receives its vitality and force from a vote of the people, and is, therefore, unconstitutional and void. That act contained general provisions for licensing the sale of liquors, and repealed all acts and parts of acts then in force coming in conflict with its provisions; but provided, " That the act entitled ' an act for the suppression of intemperance,' approved January 22, 1855, be not and is not by this act repealed in any county of this State, unless the people of such county, by a vote taken as herein provided, shall adopt this act. The effect of a vote in favor of the act of 1857, it was held, was two-fold. First: to repeal the provisions of the act of 1855. Second: to give force and efficacy to the act of 1857. It is impossible, in principle, to distinguish the act of 1870 from that of 1857, or to discover how a vote in its favor can be productive of different results. The act of 1870 makes it unlawful to sell ale, wine, malt liquors or beer, except as provided in

chapter 64 of the Revision of 1860, and establishes the same penalties and mode of procedure for its violation as are provided in said chapter 64 of the Revision for the unlawful sale of intoxicating liquors. Section 3 of the act provides for the submission at a general election, to the legal voters of a county, the question of the adoption of the provisions of the act, and enacts that "if a majority of all the votes cast at such election in said county be 'for prohibition,' then, *and* not *otherwise,* shall the provisions of this act be in full force in said county from and after the first Monday in January next following such election." * * * "And if a majority of the votes cast be 'against prohibition,' then, and in that case chapter 64 of the Revision of 1860 shall remain and be in force in such county, and this amendatory act *shall be null and void in such county.*" Now, it is apparent that by express declaration of the legislative will no change is to be effected in the existing law of any county until its provisions are adopted by a majority of the legal voters at a general election. If no vote be taken, chapter 64 of the Revision remains in force. If a vote be taken, and a majority of the votes cast be against prohibition, the provisions of chapter 64 of the Revision remain in force, "and this amendatory act shall be null and void in such county."

Under section 1583 of the Revision, the sale of beer is lawful. The act of 1870 makes the sale of beer unlawful. The effect of a vote in favor of the act of 1870 is to adopt a provision in direct conflict with section 1583, and hence to repeal it by necessary implication. In *Geebrick* v. *The State, supra,* it is held that "a law can no more be repealed than it can be made, by the vote of the people."

The act of 1870 further provides : " Section 2 of chapter 154 of the laws of the twelfth general assembly is hereby repealed, so far as it relates to counties adopting the provisions of this act, but to none other." It is apparent that this repealing clause can be vitalized only by the vote of

the people. Without such vote it remains lifeless and inactive. But it seems unnecessary to further consider the provisions of this act. It falls so completely within the principles and reasoning of *Geebrick* v. *The State*, that it seems only necessary to refer to that case to show the unconstitutionality of the act in question.

It becomes unnecessary to consider whether the act was adopted by the legal voters of Cerro Gordo county.

Reversed.