## LYTLE v. MAY.

1. **Municipal Corporations: SUPERIOR COURTS: CONSTITUTIONAL LAW.** The statute providing for the establishment of Superior Courts in cities of a certain grade (Chapter 143, Laws of 1876) is identical in its nature with chapter 10, title IV, of the Code, and is not in conflict with the Constitution.

2. ——: ——: ——. The enactment by a subsequent legislature of a statute validating such courts, in case they should be held to be unconstitutional under the statute originally creating them, would not establish their unconstitutionality prior to the enactment of such statute, since the legislature has no authority to pass upon the constitutionality of a statute.

*Appeal from Superior Court, City of Cedar Rapids.*

THURSDAY, OCTOBER 10.

THIS action was brought in the Superior Court of the city of Cedar Rapids, upon two promissory notes. There was a judgment for plaintiff. Defendant appeals. The facts of the case are found in the opinion.

*John M. May,* appellant, *pro se.*

*J. W. Weyand,* for appellee.

BECK, J.—I. The defendant filed a paper in the court below alleging that plaintiff had filed in the District Court of Linn county a petition setting out the identical cause of action whereon this suit is based, which, at a prior term of that court, had been dismissed after defendant had filed his answer and cross-petition. The defendant's cross-petition, it is alleged, was continued and is still pending in the District Court. This

Lytle v. May.

paper was treated as a motion and was overruled.   Substantially the same facts set out in the motion were pleaded in an answer.

The action of the court in overruling this motion is assigned for error, and made the ground of objection in argument to the judgment appealed from.

The record shows clearly enough the action of the court complained of, but fails to show upon what grounds it was had.   The motion involved facts to be established by evidence, namely, the commencement and dismissal of the former action, and the pendency of the cross-petition filed by defendant therein.   We cannot determine these facts, and are unable to say that the court below did not find against the allegation of defendant's motion.   We will, indeed, presume in support of the court's rulings that such was the fact.   We cannot presume the facts to be as alleged in defendant's motion, and upon such hypothesis determine the correctness of the court's imaginary rulings.   The abstract does not purport to give all the evidence, and contains no evidence upon this point of the case.

II.   The defendant moved to dismiss the action on the ground that the statute under which the court below was organized, and from which it receives its authority, is in conflict with the Constitution of the State.   The motion was overruled, and the consideration of the correctness of this ruling involves the main point in the case, which we will now proceed to discuss.

1. MUNICIPAL corporations: superior courts: constitutional law.

Superior Courts in the cities of this State are authorized by chapter 143, Acts of Sixteenth General Assembly.   The preamble and first two sections are in the following language:

## "CHAPTER 143.

### "RELATING TO SUPERIOR COURTS IN CITIES.

"AN ACT to provide for establishing Superior Courts in cities of a certain grade.    [Additional to chapter 10, title IV of the Code, 'Of cities and incorporated towns.']

*"Be it enacted by the General Assembly of the State of Iowa.*

"Section 1.    That any city in this State containing five thousand inhabitants, whether organized under a special charter, or the general act for the incorporation of cities and towns, may establish a Superior Court as hereinafter provided, which, when established, shall take the place of the Police Court of such city.

"Sec. 2.    Upon the petition of one hundred citizens of such a city the mayor, by and with the consent of the common council, may, at least ten days before an annual election for city officers, issue a proclamation submitting to the qualified voters of said city the question of establishing said court. At the same election, and every fourth year thereafter, if the said court is established, there shall be elected a judge of the Superior Court, the votes for whom shall be upon the same ballot with other city officers.    Should two-thirds of all the votes cast at such election be in favor of said court, the same shall thereby be established, and the said judge shall qualify and hold his office for the term of four years, and until his successor is elected and qualified.    Immediately after each election of said judge the mayor of said city shall transmit a certificate of the election of said judge to the Governor of the State, who shall thereupon issue to him a commission empowering him to act as judge, as herein provided."

Other sections of the act relate to the election and qualification of the judge of the court, its jurisdiction, etc., and need not be here set out.

We assume, according to the fact, that the city of Cedar Rapids is organized under a special statute. See chapter 16, Acts Fifth General Assembly. We will take judicial notice of the charter under which a city of the State is incorporated. *Stier v. City of Oskaloosa*, 41 Iowa, 353.

The question before us involves the constitutionality of the statute above quoted.

We will for a moment consider the nature and effect of the statute. It is intended to bestow certain powers upon the cities of the State, and is in effect and fact an amendment of statutes whereby the powers of cities are bestowed or are extended. The title of the act declares that it is "additional to" the provisions of the Code. It is amendatory of the former statutes, for the reason that it is legislation added thereto. We thus discover, from the title of the act itself, as well as from its provisions, that it becomes a part of the legislation bestowing powers upon the cities of the State. It grants powers not only to cities incorporated by general statute, but to those existing under special charters. It cannot, we think, be doubted that additional powers may be granted by general statute to cities existing under special charters. See Dillon's Municipal Corporations, § 52, and authorities cited. Instances of this kind of legislation are found in the statutes of this State. See Code, § 479.

It is probably a settled rule in the States where cities are created by special charters that such statutes are effectual without the assent of the people constituting the corporation. But it is also well settled that a statute conferring chartered powers may be submitted by the Legislature to the vote of the people or to the city government for acceptance, and only become operative upon such acceptance. *Morford v. Unger*, 8 Iowa, 82. See Dillon's Municipal Corporations, § 23, and authorities cited in note; Cooley's Constitutitional Limitations, pp. 116–123, and notes.

It appears, indeed, that where cities are intended to be incorporated under a general statute, which in no manner indicates

the particular subjects to which it is applicable, some action of the people is essential in order to bring them under the operation of the law. Our statute, therefore, wisely provides that by a vote of the people to be affected the subject thereof shall be indicated and it thereupon becomes operative.

If the expression we have used designating the statute in question as amendatory of prior legislation be not strictly accurate, that statute, surely, is *in pari materia* with the prior legislation affecting cities, being, as we have just said, a part of the legislation bestowing powers upon them.

The cities may, by vote of the people, assume the powers granted by title 4, chapter 10 of the Code. See sections 421, 423. The statute was never operative until a city, by vote of the people, adopted its provisions and assumed the powers it confers. As to a particular city it is inoperative until the vote of the people is had, when the power conferred passes to the city. The provisions of the Code, as it were, lie dormant until brought into activity by the vote of the people of a city.

Under the Code, by a vote of the people, a city government was organized which established a Police Court. The General Assembly thus gave authority for the organization of a Police Court, which was only exercised by a vote of the people.

Under the statute now before us for consideration this Police Court may be superseded, and a Superior Court organized, upon the vote of the people. The spirit and scope of the two statutes are identical.

It never has been and cannot be claimed that title 4, chapter 10 of the Code is void because it is in conflict with the Constitution. If it is valid it is preposterous to say that an amendment thereto, or an act *in pari materia* which bestows authority in the same manner, is void. If one is valid the other must be.

It is insisted that the act in question is obnoxious to the Constitution, article 3, § 1, in that it provides for the exercise of legislative authority by the people, which is alone con-

ferred upon the General Assembly. This court has held that the General Assembly cannot confer upon the people the law-making power, which must be directly exercised by the legislative department of the government. *Santo v. The State*, 2 Iowa, 165; *Geebrick v. The State*, 5 Iowa, 491; *State v. Weir*, 33 Iowa, 134.

The distinction between the statutes involved in those cases and the one in this case is obvious. The latter, as we have seen, confers power upon the cities, when that power is assumed by a vote of the people; the other statutes pertained to police regulations for the whole State, which were to become operative as laws upon the vote of the people. The General Assembly may confer legislative authority upon cities to be exercised within their limits. This authority may be assumed by the vote of the people. But the power to legislate for the whole State cannot be conferred upon the people of the State. The statute before us prescribes for the assuming of authority by a city upon a vote of its people. The statutes held void by this court provide that general statutes for the whole State shall not become operative except upon a popular vote. These distinctions are obvious. See *Bank v. Brown*, 26 N. Y., 467; *Barto v. Himrod et al.*, 8 N. Y., 483; *Bull v. Reed*, 13 Gratt., 78.

But it is said that the statute in question, being an amendment of the Code, or *in pari materia* with title 4, chapter 10, does not become a law unless sanctioned by a vote of the people. This is a mistaken view. The law is absolute, and in no sense depends upon the vote of the people. But whether it shall be applied to a particular city is made to depend upon the vote of the people of that city.

Suppose the Code provided that the cities organized under its provisions might establish either Police Courts or Superior Courts, as the people should determine by a vote. It would not be the case of legislation by the people if they voted to establish one of these courts. It would be simply the exercise of the option conferred by the statute upon the cities.

The statutes of the State, as they now stand, provide for a Police Court, but give the option to the city to supersede them by Superior Courts, which shall be exercised by a vote of the people.

The statutes of the State provide that taxes for building railroads and school-houses, and probably for other purposes, shall be levied upon the vote of the people, and that school districts shall be organized upon a like vote. In all these cases the people bring themselves under the operation of the statute by a vote; they do not determine whether the statute shall have the effect of law, but whether the law shall be applied to themselves. The statute in question, in this case, is identical in its nature with those just referred to, and all are in harmony with the Constitution.

III. It is urged by defendant that the Seventeenth General Assembly regarded the prior statutes providing for the organization of superior courts as unconstitutional, and for that reason enacted chapter 22 of the laws passed by that body. The ready reply to this position is, that the constitution does not confer upon the General Assembly the power to pass upon the constitutionality of the acts of prior Legislatures. The courts are charged with that duty. Were the position of the counsel correct as to the fact, the court would not follow the legislative opinion of the constitutionality of the statute. But it is not correct as to the fact. Chapter 22, Acts Seventeenth General Assembly, simply declares that doubts have arisen as to the constitutionality of chapter 143, Acts Sixteenth General Assembly. The purpose of the first named statute is not to declare the other void, but to validate courts established under it, in case it should be declared unconstitutional by the courts.

IV. Chapter 22, Acts Seventeenth General Assembly, is the subject of discussion in this case. Counsel for defendant maintains that it is in conflict with the Constitution, and invalid, while the other side supports the statute. It is unnecessary, in view of the conclusions above announced, to

pass upon the question discussed. We hold that the courts organized under chapter 143, Acts Sixteenth General Assembly, are lawfully established. If chapter 22, Acts Seventeenth General Assembly, be invalid, those courts are, nevertheless, tribunals created by a constitutional statute.

The foregoing discussion disposes of all questions arising in the case. The judgment of the court below is in accord with the law; it is, therefore,

AFFIRMED.