THE CENTRAL IOWA R'Y CO. v. THE BOARD OF SUPERVIS-
ORS ET AL.

1. **Taxation:** IMPROVEMENTS ON REAL ESTATE AFTER ASSESSMENT. Improvements placed on real estate after assessment escape taxation until the lands are again assessed, two years later. Code, § 812. *Richards v. Wapello County*, 48 Iowa, 507, followed.

2. **Statutes:** CONFLICT: RULE OF CONSTRUCTION: TAXATION OF RAILROADS. Where there are two statutes which relate to the same subject matter, they should be construed, if it can reasonably be done, so that both may have force and effect. Under this rule, the statute providing for the assessment of railroad property in March of each year (Code, § 1317) is not in conflict with the statute (Code, § 812) providing for the assessment of real estate in January of each alternate year.

3. **Railroads:** TAXATION OF: CODE, § 1317: CONSTITUTIONALITY: UNIFORM OPERATION OF LAWS. Section 1317 of the Code, providing for the assessment of railroads every year, while real estate is assessed only every alternate year, *held* not repugnant to article 1, § 6, of the constitution of Iowa, nor to the fourteenth amendment to the constitution of the United States, as discriminating against railroads.

*Appeal from Wright Circuit Court.*

THURSDAY, OCTOBER 22.

ACTION to restrain the collection of certain taxes. The relief asked was granted, and the defendants appeal.

*Nagle & Birdsall*, for appellants.

*J. H. Blair* and *N. C. Daly*, for appellee.

SEEVERS, J.—The construction of a railway in Wright county was commenced in May, 1881, and completed in November of that year. About seventy-nine acres of land are owned and used by the company as right of way. This land was assessed on the first day of January, 1881, to the then owners at the rate of five dollars per acre, and if assessed to the plaintiff at the same rate the total amount thereof would be $395. The length of the road in the

county is slightly more than six miles. The executive council assessed the plaintiff on its said road at the rate or value of $2,000 a mile, the total assessment being upward of $12,000; and upon such valuation the defendants levied taxes for the year 1882.

I. The plaintiff insists that the taxes so levied are illegal, because the right of way of defendant, which was the basis of the levy, is real estate, and that real estate can only be taxed upon the valuation fixed thereon on the first day of January in each odd-numbered year. Code, § 812; *Richards v. Wapello County*, 48 Iowa, 507. That the statute so provides as to the assessment of real estate must be conceded. The effect is that improvements placed upon real estate after the assessment escape taxation until lands are again assessed, two years later. But it is further provided by statute that all property belonging to railway corporations used in the operation of the railway shall be assessed in March of each year by the executive council. Code, § 1317. If the appellee's construction of these two statutes is adopted, then the last-mentioned statute to an extent ceases to be operative.

*1. TAXATION: improvements on real estate after assessment.*

The settled rules for the construction of statutes which have prevailed in all courts for many years forbid that such a construction should be adopted. It is a fundamental canon of construction that when there are two statutes which relate to the same subject-matter they should be construed, if it can reasonably be done, so that both may stand and have force and effect. It is not claimed, and we apprehend it cannot be successfully maintained, that it is not competent for the general assembly to provide that certain species of property shall or may be assessed by one officer, and other kinds of property assessed by some other officer or tribunal. It is equally competent for the legislature to provide that one kind of property shall be assessed once in every two years, and another kind assessed every year. Now, this is the whole object and scope of the

*2. STATUTES: conflict: rule of construction: taxation of railroads.*

two statutes in question. It is required that railway property shall be assessed each year by a tribunal named in the statute. As the statute relates to a particular kind of property, and does not necessarily conflict with any other statute, it cannot be nullified by the courts, but should and must be enforced, unless it is unconstitutional, which counsel for the plaintiff contend it is, if construed as above stated.

II. It is insisted that section 1317 of the Code as construed is unconstitutional, because it is in conflict with article 1, § 6, of the constitution of this state, and with the fourteenth amendment of the constitution of the United States. The former provides that all laws of a general nature shall have a uniform operation, and that the general assembly shall not grant to any citizen or class of citizens privileges and immunities which upon the same terms shall not belong to all the citizens; and the argument, in substance, is that individuals, and corporations other than railway corporations, escape, or may escape, for at least one year, taxation on improvements placed on real estate, and therefore the statute in question discriminates against the latter class of corporations. All railway property is assessed by the same tribunal and in the same manner, and all such corporations have the same privileges and immunities, and are subject to the same burdens, so far as taxation is concerned. We think it is competent, and not in conflict with any provision of the constitution of this state or of the United States, for the state to provide that any particular class of property belonging to all corporations of the same character, and which possess the same rights and privileges, may be assessed in the same manner and by the same tribunal, and that the property of individuals and other corporations may be assessed by other officers and at different times. But, be this as it may, it is, we think, competent for the general assembly to provide that, for the purpose of taxation, all railroad property should be regarded as personal and taxed accordingly. Cooley, Tax'n,

*Margin note: 3. RAILROADS: taxation of: Code, § 1317: constitutionality: uniform operation of laws.*

273, 274. This being so, the statute in question cannot be regarded as unconstitutional, because all personal property of all persons and corporations must be assessed each year. It is true that the statute does not in terms provide that the right of way shall be assessed as persoualty, but it is provided that it shall be assessed each year as is other personal property. It is fundamental that a statute should not be declared unconstitutional unless it is clearly so. All railroad property of every kind and description, for the purpose of taxation, is regarded as of the same character, including the gross earnings of the road. The whole mass of such property, under the statute, may be regarded as real or personal property for the purposes of taxation; and, if essential to the validity of the statute in question, it should be regarded as personal property.

REVERSED.