S. H. PAGE v. PETER X. MILLERTON, Appellant:

**Constitutional Law:** ESTABLISHMENT OF SUPERIOR COURTS. Code, title 3, chapter 6, authorizing cities of certain size to establish superior courts in a prescribed manner, such courts, when established to take the place of the city police court, do not contravene Constitution, article 5, section 1, providing that the judicial power shall be vested in the supreme court, district court and such other courts as the general assembly may establish, as delegating to the people the power to establish courts, since the jurisdiction of the court, and manner in which it was to be established, was prescribed by the legislature.

SAME. Since Code, title 3, chapter 6, authorizing the establishment of city courts, and conferring on them concurrent jurisdiction with the district and circuit courts, operates uniformly on all persons within the relations and circumstances provided for, it does not violate Constitution, article 1, section 6 requiring all laws of a general nature to be of uniform operation.

SAME. Though Code, title 3, chapter 6, in conferring on superior courts concurrent jurisdiction with the district and circuit courts, requires persons residing outside the city in which court is established but within the district, to submit to its jurisdiction, such act does not violate Constitution, article 1, section 9, providing that the right of trial by jury shall remain inviolate, as the public policy of such law is for the legislature and not for the courts.

*Appeal from Keokuk Superior Court.*—HON. RICE H. BELL, Judge.

WEDNESDAY, MAY 29, 1901.

ACTION for judgment on a promissory note. Defendant answered, averring that for reasons stated the court had no jurisdiction. The plaintiff demurred to the answer, on the ground that the matters stated constitute no defense. The demurrer was sustained, and the defendant electing to stand on his answer, and refusing to further plead, judg-

ment was rendered against him, from which he appeals.—
*Affirmed.*

*B. J. Wellman* for appellant.

*T. B. Snyder* and *Edward Prichett* for appellee.

GIVEN, C. J.—Appellant's counsel say: "The only
questions for this court to determine are, is the statute dele-
gating to cities of 7,000 people power to establish superior
courts constitutional, and, if so, can said courts be
given jurisdiction beyond the territorial limits of the
cities which established them, without violating the
constitution of Iowa?" The facts, as shown in the answer,
and of which we are required to take judicial notice, are
these: The county of Lee constitutes the First judicial dis-
trict of Iowa, and, having two places for holding the dis-
trict court, it is divided into two divisions. The north
division includes the City of Ft. Madison, where court is
held, and certain townships named, and the south division
includes the city of Keokuk, where the district court is also
held, and the other townships of the county. A superior
court was established in the city of Keokuk under the pro-
vision of chapter 143, Laws Sixteenth General Assembly,
and has existed ever since, under that law and the amend-
ments thereto. See chapter 6, title 3, Code. The answer
shows that the defendant is a resident in the north division
of Lee county, and outside of that part of the county from
which jurors are selected to serve in said superior court.

II. Section 1, article 5, of the constitution is as fol-
lows: "The judicial power shall be vested in the supreme
court, district court, and such other courts, inferior to the
supreme court, as the general assembly may, from time to
time, establish." Said law creating superior courts pro-
vides that cities containing a certain population "may estab-
lish a superior court, as hereinafter provided, which, when
established, shall take the place of the police court of such

city." Following this are specific provisions as to how such
cities may elect to have a superior court, as to the election
and qualification of its judges, the jurisdiction and terms
of the court, and the manner of proceedings therein.   Ap-
pellant insists that it was the people of the city, not the gen-
eral assembly, that established this court; that said act dele-
gates the power to the people of the cities to establish this
court, while that power is vested solely in the general as-
sembly; and that, therefore, the act is unconstitutional.   It
is the act of the general assembly that establishes a superior
court in this state, and it was not a delegation of the power
to establish such a court to leave it to cities to choose, in the
manner provided, whether they would have that court or a
police court.   If the general assembly had simply provided
that cities might establish superior courts without providing
how they should be constituted, their jurisdiction, and the
manner of proceeding therein, there would be force in ap-
pellant's contention.   As there was no delegation to the
people of the power to establish courts the law is not in con-
flict with said section of the constitution.   See *Lytle v. May*,
49 Iowa, 224; *Dalby v. Wolf*, 14 Iowa, 228.

III.    Section 6 of said chapter 143 (section 260, Code)
is as follows:

"Sec. 6.    Said court shall have jurisdiction concurrent
with the district and circuit courts as now and hereafter pro-
vided by law, except where said courts respectively have ex-
clusive jurisdiction and except actions for divorce, and of
all appeals and writs of error, in civil cases, from justices'
courts within the township or townships in which the city
is located, and by consent of parties from justices' courts
in other townships in the county, said appeals and writs of
error to be taken in the same time and manner as if the same
were taken to the circuit court, and the exclusive orig-
inal    jurisdiction    to    try    and    determine    all    actions
civil and criminal for the violation of city ordinances, and
all the jurisdiction conferred upon police courts as now and

heretofore provided by law, and all the jurisdiction co-extensive and concurrent with justices of the peace, in all actions, civil and criminal, as now are or may be hereafter provided by law, and for the trial of criminal actions shall be opened at such times and under such rules as the court shall prescribe."

In *Winet v. Berryhill*, 55 Iowa, 413, we said in construing this section: "The obvious meaning of the language of the section is that the superior courts shall have concurrent jurisdiction of cases originally brought therein throughout the counties, and of appeals and writs of error from justices' courts held within the township wherein the cities are situated." Appellant does not question the correctness of this construction, but insists that as thus construed the section is in violation of section 6, article 1, of the constitution, which provides that "all laws of a general nature shall have a uniform operation; the general assembly shall not grant to any citizen or class of citizens, privileges, or immunities, which upon the same terms shall not equally belong to all citizens." "If a law operates upon every person within the relation and circumstances provided for, it is sufficient as to uniformity." *Land Co. v. Soper*, 39 Iowa, 112. See, also, notes to said section 6. This law operates upon every person within the relations and circumstances provided for, and therefore has a uniform operation. Appellant also claims that it violates section 9 of said article 1, providing that "the right of trial by jury shall remain inviolate." The argument is that defendant is compelled to come from a distant part of the county, and to appear in a court presided over by a judge in whose selection he had no voice, and in a court in which he would not be permitted to sit as a juror. There is an inconsistency in subjecting the people of the county to answer in the superior court in the city of Keokuk, while only those in the southern division are required to answer in the district court held in that city; but these arguments

and this inconsistency are for the legislature, and not for the courts. There is no law guarantying to the defendant that he may only be called to answer in a particular part of his county, or in a court where he has had a voice in the selection of the judge, or in which he might sit as a juror. In *Central Iowa R. Co. v. Board of Sup'rs,* 67 Iowa, 199, we held that this court is not authorized to pass upon the justice or expediency of the statute, and that it has no authority to annul an act as unconstitutional unless it is found to be in clear, plain, and palpable conflict with the constitution. See, also, notes to said section 1, article 5. Appellant cites *Rockwell v. Raymond (City Ct. Yonkers)* 5 N. Y. Supp. 646, and other New York cases, but the statutes under consideration in those cases were so unlike ours that the cases have but little application. Justices of the peace, though elected by, and holding their courts in, their respective townships, have long since had jurisdiction co-extensive with the county, when not specially restricted. See Code, section 4476. Observing the rule so frequently announced as to what must appear before the court may pronounce a statute unconstitutional, we reach the conclusion that the statute in question is not in conflict with the constitution in any of he respects contended for. See *Burlington Railway Co. v. Dey,* 82 Iowa, 312. It follows from this conclusion that the demurrer to defendant's answer was properly sustained, and the judgment is therefore ᴀFFIRMED.

---

Tʜᴇ MᴄCᴏʀᴍɪᴄᴋ Hᴀʀᴠᴇsᴛɪɴɢ Mᴀᴄʜɪɴᴇ Cᴏᴍᴘᴀɴʏ, Appellant, v. R. Dᴇ Lᴀ Mᴀᴛᴇʀ, C. A. Bᴀʙᴄᴏᴄᴋ *et al.*

**Foreclosure of Chattel Mortgage:** ᴛʀᴀɴsꜰᴇʀ ᴛᴏ ᴅɪsᴛʀɪᴄᴛ ᴄᴏᴜʀᴛ: *Adequate remedy at law.* Under Code, section 4283, providing that the right of a chattel mortgagee to foreclose may be contested by any one interested, and the proceeding transferred