## JUSTICE *v.* CITY OF ATLANTA.

The grant by the ordinary of Fulton county, under the Political Code, § 1649, of a free license to peddle, to an indigent and crippled person, does not relieve such person from the necessity of obtaining a city license from the municipal authorities of the City of Atlanta, that city having by its charter express authority to require a license from peddlers, and having exercised its power by imposing such a license tax, and it not appearing that the person claiming exemption from license was a Confederate veteran, or a veteran of any other war.

Submitted February 20,—Decided March 2, 1905.

Certiorari. Before Judge Lumpkin. Fulton superior court. November 8, 1904.

*F. M. Hughes* and *Morris Macks,* for plaintiff in error.
*J. L. Mayson* and *W. P. Hill,* contra.

CANDLER, J. The Political Code, § 1649, provides that "Ordinaries are authorized to grant licenses to peddle, to indigent and infirm persons, upon such terms as they in their discretion may impose.' The City of Atlanta, by its charter (Code of Atlanta §§ 64, 65, 70), is authorized to require any person engaged in any trade, business, etc., within the city, to register their names and business and pay a license to carry on such trade or business; and express authority is given to it (§ 70) to levy and collect from "itinerant traders" such tax as may seem proper. The city has exercised its power by imposing a license tax upon peddlers. Justice has a permit granted under the provisions of the Political

Code, § 1649, from the ordinary of Fulton county, to peddle without a license. He does not claim exemption from taxation under the Political Code, § 1642, relating to Confedarate veterans and veterans of other wars therein named. He was arrested by an officer of the City of Atlanta and fined by the recorder for peddling in the city without the payment of a city license. He carried the case by certiorari to the superior court, contending that his permit from the ordinary relieved him of the necessity of paying a city license to peddle. The judge of the superior court overruled his certiorari, and he brings the case here for review.

We have no difficulty in affirming the judgment of the superior court. The section of the Political Code under which the permit of the ordinary in the present case was given must not be confused with section 1642, which gives to disabled Confederate veterans, and veterans of other wars therein named, the right to peddle without a license. That section, as originally enacted, did not give its beneficiaries the right to peddle in cities without the payment of a municipal tax; but by the act approved December 9, 1897 (Acts 1897, p.,24), it was so amended as to exempt them from such taxation. Section 1649 has never been so amended. To hold, in a case like the present, that the grant of a license, free or otherwise, from the ordinary, relieves the licensee from the necessity of paying a municipal tax to a city located in the county, would be, in effect, to hold that cities may not tax businesses, trades, or professions which have been thus licensed by the State or county. And this. would be directly in conflict with numerous rulings of this court. See *Mayor* v. *Hines,* 53 *Ga.* 616 ; *Wright* v. *Atlanta,* 54 *Ga.* 645; *Lanier* v. *Macon* 59 *Ga.* 187. It was not error to overrule the certiorari.     *Judgment affirmed. All the Justices concur.*