THE CITY OF FAIRFIELD, Appellant, v. W. E. SHALLEN-
BERGER.

**Statutes:** CONSTRUCTION. Statutes should be construed so as to give force and effect to all unless clearly in conflict.

**Practice of medicine:** ITINERANT PHYSICIANS: LICENSE. The legislature in the exercise of its police power may require a State

license for the practice of medicine and at the same time authorize municipalities to require a license of itinerant physicians.

**Same:** DISCRIMINATION: UNIFORMITY. An ordinance requiring a license of itinerant physicians is not open to the objection that it discriminates against non-residents; or that it is not uniform in its operation.

*Appeal from Jefferson District Court.*— Hon. M. A. Roberts, Judge.

Monday, October 21, 1907.

The defendant was accused of violating section 16 of ordinance 59 of the city of Fairfield. He was found guilty before a justice of the peace, and appealed to the district court, where he was tried on an agreed statement of facts and acquitted. The section of the ordinance under consideration, so far as the same is material here, is as follows: " Persons engaging for pay or reward in any of the following occupations, professions or trades, in this city, shall pay a license herein designated, traveling physicians fifty ($50) dollars per year." The controlling facts agreed upon were that the defendant was an itinerant physician residing in Chicago; that upon the date charged in the information he was practicing his profession in the city of Fairfield without having obtained a license so to do from said city; that at said time he held a certificate issued to him by the State board of medical examiners of the State of Iowa, authorizing him to practice medicine and surgery in the State of Iowa, and showing that he had passed the examination required by law. It was also agreed that, in addition to the foregoing certificate, the defendant held a certificate or license issued to him by the State board of medical examiners of the State under section 2581 of the Code, authorizing him to practice in the State as an itinerant physician, and that he had paid to the Treasurer of the State the sum of $250 as required by law for such itinerant license. Both of the State licenses were

in full force on the date named in the information.   The city of Fairfield appeals.— *Reversed.*

*E. F. Simmons,* for appellant.

*Leggett & McKemey,* for appellee.

SHERWIN, J.— The trial court held that the city of Fairfield had no power to require an itinerant physician to pay a license, the effect of which was to " limit or curtail the authority granted him by the State board of medical examiners by a license duly and properly issued by said board." The correctness of this conclusion of the trial court is the ultimate question for our determination in this case.   Code, section 700, provides that cities and towns shall have power " to regulate, license and tax . . . itinerant doctors, itinerant physicians and surgeons"; and it was under the express power given by said section that the ordinance in question was passed by the city of Fairfield.   The defendant relies upon the following propositions for an affirmance of the judgment:  First, that the State license issued to him constituted a contract with the State authorizing him to practice his profession anywhere within the State; second, that the ordinance in question is unconstitutional and void so far as it requires the payment of a license of $50 by a traveling physician because it contravenes Code, section 2581, and because it discriminates in favor of resident physicians and against non-resident physicians; third, because the ordinance is unconstitutional, being in violation of section 1 of the fourteenth amendment to the Constitution of the United States, which provides that " no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, . . . nor deny to any person the equal protection of the laws "; fourth, the ordinance is invalid under article 1, section 6, of the Constitution of Iowa, which requires that all laws of a general nature shall

have uniform operation; fifth, because said ordinance is unjust and unreasonable, and beyond the authority granted by the statute.

Code, section 2581, provides that the State board of medical examiners may issue to itinerant physicians a license to practice within the State, and the defendant contends that a license so issued is authority for an itinerant practice in any city or town of the State without an additional license, while the appellant takes the position that section 2581 was not intended to, and does not, abridge the power of cities and towns conferred by section 700 of the Code. In other words, that it does not expressly or by implication repeal section 700; that section 2581 does not expressly repeal or limit the power given by section 700 is conceded by the defendant, and, so far as this breach of the case is concerned, the only question remaining for consideration is whether section 2581 repeals or limits the power of section 700 by implication or by any express language used therein.

It is fundamental and conceded that repeals by implication are not favored by the courts. It is also a well-established rule that the statutes shall be so construed, if

1. STATUTES: construction. possible, as to give force and effect to all, and that they should be upheld unless they are clearly in conflict, or the later one unmistakably or by express reference repeals the former. *Lamb v. McCormick,* 116 Iowa, 169; *Sherman v. City of Des Moines,* 100 Iowa, 88.

The power to license conferred upon cities and towns by section 700 is in reality a grant of power to enact police regulations for the general welfare of the particular com-

2. PRACTICE OF MEDICINE: itinerant physicians: license. munity. *Burlington v. Putman Ins. Co.,* 31 Iowa, 102. And it is on this principle that physicians, other professional men, and skilled workmen generally may be required to procure a license which certifies to their fitness to pursue their respective callings in which professional skill is most necessary, and in

which the ignorance of the practitioner is likely to be productive of harm to the public and to individuals having business relations with them. What the State may do in its sovereign capacity it may authorize its creatures to do, and we think there can be no doubt of its power to delegate to municipal corporations the enactment of such local police regulations as shall be deemed reasonably necessary for the protection of the public in the particular localities.

That the Legislature may, in the exercise of its police power, require a State license for the practice of medicine, and at the same time authorize municipalities to require a license for the practice thereof within their boundaries, we do not doubt. It would, in effect, be nothing more than the imposition of an increased charge for the privilege, and we are cited to no authority which holds this to be beyond the power of the State. If the State may thus act, it follows that no inconsistency necessarily exists between the two acts under consideration. In one the power is given municipalities to license within their confines, and in the other a license for the whole State is issued, but by implication it is not effective where a local license is required until such license has been obtained. That a license may be required from the same person for the same business by the State and by its municipalities is a rule of general application. 21 Am. & Eng. Enc. of Law (2d Ed.) 778, 815; *Leavenworth v. Booth,* 15 Kan. 627; *State v. Foster,* 22 R. I. 163 (46 Atl. 833, 50 L. R. A. 339); *Justice v. City of Atlanta,* 122 Ga. 152 (50 S. E. 61). The defendant does not urge the unconstitutionality of the ordinance under the fourteenth amendment to the Constitution of the United States, and we shall give it no further consideration than to cite the following cases as bearing on the question: *Webber v. State of Virginia,* 103 U. S. 344 (26 L. Ed. 565); *Welton v. Missouri,* 91 U. S. 275 (23 L. Ed. 347).

The ordinance in question is not in our judgment open to the charge that it discriminates against a non-resident of

the city or of the State. It requires a license only from

**3. SAME: discrimination: uniformity.**

traveling physicians it is true, but it nowhere confines its operation to traveling physicians who are non-residents of the city of Fairfield. If a resident of said city was a traveling physician and sought to practice his profession therein, he would be as surely subject to the ordinance as is the defendant. *City of Ottumwa v. Zekind,* 95 Iowa, 622. The ordinance is of uniform operation because it embraces all of the class designated therein. *Land Co. v. Soper,* 39 Iowa, 112; *McAunich v. Railroad Co.,* 20 Iowa, 338; *Ottumwa v. Zekind, supra.* Nor is the license required unreasonable. Fifty dollars per year for the privilege of practicing medicine is not *per se* unreasonable or exorbitant, and there is no evidence tending even to support the contention.

The court erred in discharging the defendant, and the judgment is *reversed.*