Argued March 18, reversed and dismissed April 28, rehearing denied
   May 26, petition to recall mandate denied September 22, 1925.

## A. G. LYONS *v.* CITY OF PORTLAND.

### (235 Pac. 691.)

**Municipal Corporations—Title of Ordinance Held Broad Enough to
   Include Licenses for Revenue as Well as Regulation.**

   1.   Title of an ordinance, "on the regulation of private business,
including licenses," *held* broad enough to include licenses on a
business, in the nature of an occupation tax or for revenue, as
well as for purpose of regulation.

**Statutes — City Charter Authorizing Licensing not Repealed by
   General Statute Indicating No Intention to Do so.**

   · 2.   A city's charter being in its nature special, and pertaining
to a particular locality, power given thereby to license is not re-
pealed by implication, and so not by a general statute indicating
no intention to repeal it.

**Licenses—Statute and Ordinance as to Employment Agency not in
   Conflict.**

   3.   Sections 6725–6737, Or. L., providing that before an employ-
ment agency shall do business it shall procure a license, graduated
according to population of cities, and comply with various other
provisions, violation of any of which is punished by fine, and ordi-
nance of Portland, in its essential features the same as the statute,
but requiring payment of a larger license to the city, and punishing
failure to pay it by fine and imprisonment, are not in conflict, so
both may stand.

---

   See (1)  Municipal Corporations, 28 **Cyc.** 380.   (2) Statutes, 36
**Cyc.** 1091.   (3) Licenses, 37 **C. J.** 213.

From Multnomah: LOUIS P. HEWITT, Judge.

In Banc.

This is ·a suit to declare void and enjoin the en-
forcement of that portion of the City of Portland's
licensing ordinance relating to employment agencies,
being Article 21 of Ordinance No. 40,468.  The case
presents the sole question as to whether this portion
of the licensing ordinance is by implication repealed
by the state law providing a license and imposing
certain regulations upon employment agencies, which
provisions are contained in Sections 6725 to 6737,

---

   1.   Necessity that title of ordinance fully express subject matter,
see note in **Ann. Cas.** 1912C, 192.   See, also, 19 **R. C. L.** 815.

Or. L.   It is not contended by the respondent that under the legislative charter of 1903, which was continued in effect by the later initiative charter, the city did not have authority to impose licenses for taxation or regulation, or for both taxation and regulation.   For a number of years prior to the passage of the state law regulating employment agencies the City of Portland, in one form or another, had among its ordinances provisions regulating this business.   The state law, passed in 1915 (Chapter 128, General Laws of Oregon for 1915, Sections 6725-6737, Or. L.), in effect provides that before any employment agency shall do business it shall procure a license and comply with various other provisions, which said license is graduated according to the population of the locality as follows:

"Cities of 150,000 and over...........$50.00
Cities of 100,000 to 150,000.......... 40.00
Cities of  50,000 to 100,000.......... 25.00
Cities of  20,000 to  50,000.......... 10.00
Cities of  10,000 to  20,000..........  7.50
Cities of   2,500 to  10,000..........  5.00
Cities of less than 2,500.............  2.50

"If the employment agency for which the application is made is not to be operated in any incorporated city or town, then the applicant shall file the minimum bond and pay the minimum license above specified."

Regulations as to the conduct of employment agents, their duties and liabilities, are elaborately detailed in the statute, and violation of any of them, including carrying on the business without a license, is punished by fine.

In 1921 the City of Portland passed an ordinance, which, in its essential features, is the same as the state law, but requiring the payment of a license to

the city of $200, and punishing the infraction of the ordinance by failure to pay the license by fine and imprisonment. The complaint in this suit alleges the invalidity of the ordinance, and sets up that the city is threatening to arrest and imprison the plaintiff in case he fails to comply with its provisions, and asks that the city be enjoined from proceeding further against plaintiff in the premises. The title to this ordinance is as follows:

"An ordinance on the regulation of private business, including licenses and declaring an emergency."

The Circuit Court found in favor of the plaintiff, and granted a perpetual injunction, from which defendant appeals.

REVERSED AND DISMISSED.     REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Frank S. Grant,* City Attorney, and *Mr. L. E Latourette,* Deputy City Attorney.

For respondent there was a brief and oral argument by *Mr. Wilber Henderson.*

McBRIDE, C. J.—It cannot be gainsaid that, where the state has assumed exclusive right to license a particular business, the power of a city to legislate on the same subject is taken away. But we think the weight of authority is in favor of the proposition that, where a city has been granted by general law or by legislative charter the authority to license a particular business, that authority is not taken away by the fact that the state has also seen fit to impose a license for carrying on the same business. And it seems to us that where there is no conflict between the provisions of the state law and city ordinances on the

same subject both may, even under the police power, legislate to such an extent as to create an offense against the city in addition to the offense committed against the state.

The position assumed by able counsel for respondent in his case is briefly summed up in the following statement:

"If a state in the exercise of its police power, licenses an occupation or profession, a municipality of such state cannot lawfully prohibit such licensee from engaging in such occupation or profession until he has also taken out a license from the municipality therefor."

1. While a plausible and ingenious statement of the law, respondent bases the objection in this case upon a false premise, to wit: that the ordinance in question is purely an exercise of the police power. The whole ordinance is not before us, but it appears from the excerpt from it in appellant's abstract that it probably covers a wide range of business activities in addition to the business of employment agents. City ordinances, unlike legislative acts, are not strictly confined to matters specified in the title, and the title here is broad enough to include licenses for the purpose of revenue as well as licenses regulating the conduct of a business. It is *on* the regulation of private business, including licenses, that is, in substance, it is an ordinance, among other things, on licenses, and we think it was entirely competent, under this title, to require licenses on a business, in the nature of an occupation tax or for revenue, as well as for the purpose of regulation. It is quite as definite in that regard as the title in the case of *Abraham v. City of Roseburg,* 55 Or. 359 (105 Pac. 401, Ann. Cas. 1912A, 597). In this connection see *City of*

*Leavenworth* v. *Booth,* 15 Kan. 627, a case precisely in point; also *City of Fairfield* v. *Shallenberger,* 135 Iowa, 615 (113 N. W. 459); *Brazier* v. *Philadelphia,* 215 Pa. St. 297 (64 Atl. 508, 7 Ann. Cas. 548); *Justice* v. *City of Atlanta,* 122 Ga. 152 (50 S. E. 61).

2. That the legislature may by a general law take away from municipalities the power theretofore granted them to license a particular business is unquestionable. But in this as in other cases, repeals by implication are not favored, and no clear intent to repeal the power theretofore granted to the City of Portland is apparent. That the legislative construction of license and regulatory statutes has been in accordance with the view herein expressed is clearly shown by the provision of Section 3d, subdivision 6 of Chapter 203, General Laws of Oregon for 1917, relating to the licensing and regulating of insurance companies, which reads as follows:

"The taxes, fees and charges, as herein and elsewhere provided for in the 'Insurance Law' shall be in lieu of all other taxes, licenses, fees and charges of every kind and character by the state or any city, town, county or other political subdivision thereof, except taxes on real and personal property located in this state, which may be required of companies or their agents for the privilege of transacting insurance business."

Such legislative construction is also indicated in Section 3 of Chapter 10, Special Session Laws of Oregon for 1921, which contains the following language:

" * * The public service commission of Oregon, in the exercise of the jurisdiction conferred upon it by the Constitution and laws of this state, and by this act, shall have the power to make orders and prescribe rules and regulations affecting such transporta-

tion companies, notwithstanding the provisions of any charter, ordinance or permit of any incorporated city or town or county, and in case of conflict between any such order, rule or regulation of any such charter provision, ordinance or permit, the order or regulation of the public service commission of Oregon shall in each instance prevail, but cities and towns may enact and enforce reasonable regulatory ordinances including the imposing of regulatory licenses not destructive of the general purposes of this act.''

And again, in Section 2, subdivision 25, and Section 26 of Chapter 371, General Laws of Oregon for 1921, we find this language:

Sec. 2, subd. 25. ''No city, town or other municipal or local authority within this state shall, * * pass, enforce or maintain any ordinance, rule or regulation, * * prohibiting or restricting in a manner inconsistent with the provisions of this act, the use of the roads, streets or highways of this state or any part thereof; * * ''

Sec. 26. ''The registration and license fees imposed by this act upon motor vehicles, * * shall be in lieu of all other taxes and licenses, except municipal license fees under regulatory ordinances * * .''

All of these imply a legislative recognition of the power of municipalities to license and tax in the respective instances named, except in so far as that power was not expressly taken away by the legislature.

3. A statute having a particular and local application is not repealed by implication unless the intent to do so is reasonably clear: *State* v. *Sturgess*, 9 Or. 537. The charter of Portland being in its nature special, and pertaining to a particular locality, is not repealed by a general statute indicating no intention to repeal the former enactment. Both the statute and the ordinance may stand without conflict. The state statute

does not *in terms* give an employment agent the right to carry on his business, but simply declares that before so doing he must obtain a state license or be fined for failure to do so. So far as the license is concerned, the act simply says to the agent, "If you pay for and obtain a state license the state is satisfied to let you go on with your business, if you comply with other regulations prescribed." It goes no further and does not profess to do so. Examining this statute, in view of the restrictive clauses in the other statutes above quoted, it would appear that the legislature intended rather to avoid interference with the charter rights of the City of Portland than to destroy them. The contention of counsel for respondent that there is a distinction to be drawn between the concurrent right of a city to regulate acts which are *malum in se* or *per se* nuisances and those which attempt to regulate other classes of business is not accurate. The practice of medicine by an itinerant doctor (135 Iowa, *supra*), the carrying on of a life insurance business (15 Kan., *supra*), the driving of an automobile (215 Pa. St., *supra*), peddling (122 Ga., *supra*), are all lawful employments and, with a single exception, do not involve the use of the public streets.

The methods not infrequently used by employment agents to deceive ignorant persons in search of employment and thereby induce them to pay money for employment that only existed in the imagination of the agent led to the enactment of the city ordinance as well as the state law. The length to which unscrupulous agents would go is portrayed graphically in *State* v. *Germain,* 54 Or. 395 (103 Pac. 521), and this was not an uncommon incident. Like pawnbroking, pool-hall keeping and other like technically

lawful occupations, it requires careful supervision and a tax upon it that will prevent worthless persons from engaging in it. By reason of the state law and the city ordinance in question it has now become respectable as well as technically lawful, and should be kept so.

It must be confessed that the question is a close one and the decisions, and there are many, are contradictory. The Supreme Court of Georgia, in the case of *Justice* v. *City of Atlanta, supra,* held that a state license to peddle in the State of Georgia did not exempt a peddler from the provisions of an ordinance requiring a license from the City of Atlanta, while in *Mayor etc.* v. *Charlton,* 36 Ga. 460, the same court held that a physician licensed by the state could not be compelled to take out a license to practice medicine in Savannah, as required by the ordinances of that city. In *City of Fairfield* v. *Shallenberger, supra,* the Supreme Court of Iowa held that an itinerant physician licensed to practice as such by the State of Iowa could be compelled to comply with the requirements of a city ordinance requiring him to take out an additional license to practice in the City of Fairfield. "Who shall decide when doctors disagree?" may well be paraphrased, "Who shall decide when eminent Supreme Courts disagree concerning doctors?"

We hold the ordinance valid. And it would be so even if the regulatory features were eliminated, leaving only a provision requiring the agent to take out a license and punishing him for not doing so. The decree of the Circuit Court is reversed and the cause dismissed.

　　　　　Reversed and Cause Dismissed. Rehearing
　　　　　　　Denied. Petition to Recall Mandate
　　　　　　　Denied.