PAUL H. OGILVIE et al., Appellants, v. CITY OF DES MOINES et al., Appellees.

No. 40672.

DECEMBER 9, 1930.

REHEARING DENIED APRIL 10, 1931.

H. W. Hanson, for appellants.

C. J. Stephens, Assistant Attorney-general, for State of Iowa, appellee.

George P. Comfort, Chauncey A. Weaver, and C. R. S. Anderson, for City of Des Moines, appellee.

WAGNER, J.—Harry Ogilvie, the father of the minor wards, a policeman in and for the City of Des Moines, was shot and killed July 11, 1930, while in the line of his duty and in the course of his official employment, in endeavoring to make an arrest in said city, of one Karlson. It is the contention of the plaintiff, that the minor children of said deceased are entitled to compensation under the Workmen's Compensation Act, by reason of the provisions of Section 1422, Code of 1927; while it is the contention of the appellees that said policeman was on the pension roll and entitled to relief as benefits from the Policemen's Pension Fund, under the provisions of Section 6310 *et seq.* Code, 1927, and that by reason of Paragraph 4 of Section 1361 of Code, 1927, the said policeman and his dependent children are barred from relief under the Workmen's Compensation Act.

The City of Des Moines has an organized Police Department and a Policemen's Pension Fund, as provided for in Chapter 322 of the Code, and said policeman, during the period of his service, in accordance with the provisions of the statutes, contributed to said fund. It will be noted that, under Section 6310, Code, 1927, any city having an organized police department shall levy an annual tax, etc., for the purpose of creating a Policemen's Pension Fund. Section 6314, Code, 1927, provides that every member of said department *shall* be required to pay to the Treasurer of said fund a membership fee and *shall* be assessed and required to pay annually an amount equal to 1% per annum upon the amount of the annual salary paid to him, which assessment *shall* be deducted and retained in equal semiannual installments out of such salary. It will be observed that the provisions of said section are mandatory. Under Section 6315, Code, 1927, any member of said department who shall, while such member, become mentally or physically permanently disabled from discharging his duties, shall be entitled to be re-

tired, and upon retirement shall be paid out of the pension fund a monthly pension, etc.  Under Section 6318, Code, 1927:

"Upon the death of any *acting* or retired member of such departments, leaving * * * minor children, * * * there shall be paid out of said fund as follows: * * * 3. To the guardian of each surviving child under sixteen years of age, $8.00 per month."

It is conceded that Ogilvie had not been retired and was not receiving a pension at the time of his death.  It will be noted that, under Section 6318 of the Code, the dependents of an *acting* member of the department are entitled to the relief as therein provided.  The Workmen's Compensation Act, Section 1361, Code, 1927, provides that said act shall not apply as between a city and any person or persons "receiving any benefits under, or who may be entitled to benefits from, any * * * 'policemen's pension fund' " of any city.  It is thus apparent that, since the deceased policeman came within the provisions of the statutes creating the Policemen's Pension Fund, and since the appellants are entitled to relief from said fund, they are not entitled to any relief under the Workmen's Compensation Act, unless it be for matters hereinafter mentioned.

It is the appellant's contention that under the Workmen's Compensation Act, as originally enacted, the said policeman was not barred from its operation.  Said original enactment, Section 2477-m16 of the 1913 Supplement to the Code of 1897,— Section 17, Chapter 147, 35 G. A. Laws,—provides:

"(a)  'Employer' includes and applies to any person, firm, association or corporation, and includes state, counties, municipal corporations, cities under special charter and under commission form of government and shall include school districts and the legal representatives of a deceased employer.  Whenever necessary to give effect to section seven of this act, it includes a principal or intermediate contractor."

The 37th G. A., Chapter 418, amended the original enactment as follows:

"Be it enacted by the General Assembly of the State of Iowa: *Firemen and Policemen—when excluded from benefits.* That the law as it appears in Section twenty-four hundred

120

seventy-seven-m (2477-m), Supplement to the Code, 1913, be and the same is hereby amended by inserting, after the last word of Subdivision a of said section, the following:

'' 'The provisions of this act shall not apply as between a municipal corporation, city or town and any person or persons receiving any benefits under, or who may be entitled to, benefits from any 'firemen's pension fund' or 'policemen's pension fund' of any municipal corporation, city or town.' ''

It is this amendment which now comprises Paragraph 4 of Section 1361 of the Code, 1927. It is quite clear that, after the enactment of said amendment, policemen receiving or entitled to receive benefits from the Policemen's Pension Fund were not entitled to relief under the Workmen's Compensation Law.

. The appellant relies upon Section 1422, Code, 1927, which was enacted by the 40th G. A. (See Ch. 17, 40 G. A. Laws). The title to said act is as follows:

''An act to provide for paying from the general funds of the state compensation for all injuries or death of any law-enforcing officer injured or killed while in line of duty or from causes arising out of or sustained from their official employment, except policemen pensioned under the policemen's pension fund.''

The enactment itself provides:

''That henceforth any policeman (except those pensioned under the policemen's pension fund created by law), * * * who shall, while in line of duty or from causes arising out of or sustained while in the course of their official employment, meaning while in the act of making or attempting to make an arrest * * * be killed outright, or become temporarily or permanently physically disabled, or if said disability result in death, shall be entitled to compensation, the same to be paid out of the general funds of the state for all such injuries or disability. * * *''

Appellant, in his argument, states his contention as follows:

''Appellant's position is that from July 4, 1923, at which time the above act became effective, under the plain and ordinary meaning of the language involved, Harry Ogilvie and his dependents came under the operation of the Compensation,

because he was not a pensioned policeman and not within the excluded class.''

There is nothing in this later enactment, neither in the title nor in the bill itself, by way of amendment or express repeal of any of the provisions of Chapter 418, 37 G. A. Laws, now Par. 4 of Section 1361 of the Code, 1927. Is there an implied repeal of any of its provisions? Repeals by implication are not favored and only when driven thereto by the necessities of the situation do we hold that a repeal by implication has taken place; and it is a fundamental rule of construction that when there are two statutes which relate to the same subject matter, they shall be construed, if it can reasonably be done, so that both may stand and have force and effect. See Central Iowa Ry. Co. v. Board of Supervisors, 67 Iowa 199; Lambe v. McCormick, 116 Iowa 169; The City of Fairfield v. Shallenberger, 135 Iowa 615; Diver v. Keokuk Savings Bank, 126 Iowa 691. In Central Iowa Ry. Co. v. Board of Supervisors, 67 Iowa 199, this court made the following pronouncement:

''It is a fundamental canon of construction that when there are two statutes which relate to the same subject-matter they should be construed, if it can reasonably be done, so that both may stand and have force and effect.''

In Lambe v. McCormick, 116 Iowa 169, we declared:

''It is not necessary to cite a multitude of authorities to the effect that repeals by implication are not favored, and that, if the section of the Code and the later statute can be construed together, they will be so construed, and each will be given its proper effect.''

In The City of Fairfield v. Shallenberger, 135 Iowa 615, we said:

''It is fundamental and conceded that repeals by implication are not favored by the courts. It is also a well established rule that the statutes shall be so construed, if possible, as to give force and effect to all, and that they should be upheld unless they are clearly in conflict, or the later one unmistakably or by express reference repeals the former.''

122

In Diver v. Keokuk Savings Bank, 126 Iowa 691, we find the following appropriate language:

"There was no express repeal of any section of the Code, and, if there be a repeal, it must be held to result from implication. Such repeals are not favored in law, and when two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, no purpose of repeal being clearly expressed or indicated, it is the duty of a court, if possible, to give effect to both."

With these rules of construction for our guidance, let us examine the statutes in question to ascertain whether there is an irreconcilable conflict and whether, under a reasonable construction, effect can not be given to both. The statutory law relative to the Policemen's Pension Fund applies only to *cities, and only to such cities as have an organized Police Department.* See Section 6310, Code, 1927. Under Section 1361, Code, 1927, a policeman in such a city is excluded from receiving compensation under the Workmen's Compensation Act. Section 1422, Code, 1927, mentions policemen of all *cities and towns,* but excludes from its provisions "those pensioned under the policemen's pension fund created by law." There are many cities and towns within the confines of the state which do not have an organized police department, and which do not have a policemen's pension fund to which the policemen are compelled to contribute, and from which they can receive any benefit. To illustrate, it is the duty of the mayor, under Section 5634, Code, 1927, to appoint such police officers as may be provided by ordinance. A police officer is necessarily a policeman. From a careful reading of Section 1422, Code, 1927, it is clear that any police officer or policeman other than those coming within the parenthetical exception therein are entitled to compensation, under the provisions of said section. The exception refers only to those pensioned under the Policemen's Pension Fund created by law: that is, those policemen in *cities* which have an organized police department and a policemen's pension fund, under Section 6310 *et seq.* of the Code. It is quite apparent that it was the legislative intent, by the enactment of Section 1422, Code, 1927, and by the language therein used, to include within the provisions of said statute those policemen in

cities and towns not having an organized police department and a policemen's pension fund, and to exclude from the provisions of said statute those policemen in *cities* having an organized Police Department and a resultant Policemen's Pension Fund to which they are required to contribute, and are beneficiaries thereunder. By this construction there is no conflict or inconsistency between Paragraph 4 of Section 1361 and Section 1422, and the effect to be given to both.

Appellant also relies, in support of his contention, on Section 6326 of the Code, 1927, which gives cities *and towns* authority to provide hospital, nursing, and medical attention for the members of the police and fire departments of such cities when injured while in the performance of their duties, etc.; and which provides "that any amounts received by such injured person under the workmen's compensation law of the state * * * shall be deducted from the amount paid by such city or town under the provisions of this section." The original enactment of such section is found in Chapter 133, 40 G. A. Laws. It neither purports to amend nor repeal any part of the Policemen's Pension Fund Law nor the Workmen's Compensation Act. Since, as we have seen, there are policemen in cities and towns not having an organized Police Department and Policemen's Pension Fund, the provisions of this section are not in conflict nor inconsistent with Paragraph 4 of Section 1361 of the Code, 1927.

We conclude that the deceased policeman during his lifetime was not entitled to compensation under the Workmen's Compensation Act, and that his dependent children are not now entitled to an award under said act.

The judgment of the trial court is correct, and the same is hereby affirmed.—Affirmed.

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.